IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID R. WRIGHT,<br><br>Petitioner,<br><br>v.<br><br>DAVID PIERCE, Warden, and<br>ATTORNEY GENERAL OF THE<br>STATE OF DELAWARE,<br><br>Respondents. | )<br>)<br>)<br>)<br>) Civ. No. 12-175-SLR<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM**

1. **Background.** On March 12, 2015, the court denied petitioner's habeas application after concluding that petitioner's two ineffective assistance of counsel claims did not warrant relief under § 2254(d), and that his Fourth Amendment claim was barred from habeas review pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976). (D.I. 28 at 9-15) Presently pending before the court is petitioner's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (D.I. 34)

2. **Standard of Review.** Federal Rule of Civil Procedure 59(e) is "a device [] used to allege legal error," *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003), and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v.*

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reargument is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

3. **Discussion.** Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court denied petitioner's habeas application on March 12, 2015. (D.I. 28; D.I. 29) Petitioner filed a notice of appeal on March 16, 2015. (D.I. 30; D.I. 31) Petitioner's Rule 59(e) motion is dated April 9, 2015, post-marked April 12, 2015, and was docketed on April 14, 2015. (D.I. 34) Excluding the day on which the judgment was entered as dictated by Federal Rule of Civil Procedure 6(a)(1)(A), and using April 9, 2015 as the relevant filing date under the prisoner mailbox rule, the court concludes that the instant motion is timely because it was filed on the twenty-seventh day of the twenty-eight day filing period.

4. As a general rule, the filing of a notice of appeal transfers jurisdiction from the district court to the appellate court. *See Judkins v. HT Window Fashions Corp.*, 704 F. Supp. 2d 470, 498 (W.D.Pa. 2010). However, the Third Circuit has explained that district courts have "jurisdiction to consider a timely Rule 59(e) motion . . . as if no notice of appeal had been filed." *Mondrow v. Fountain House*, 867 F.2d 798, 800 (3d Cir. 1989). Having concluded that the instant Rule 59(e) motion is timely filed, the court also concludes that it has jurisdiction to consider the motion. Therefore, the court will consider the instant Rule 59(e) motion on its merits.

2

5. Petitioner contends that this court committed errors of law and fact when it denied his two ineffective assistance of counsel claims (claims one and two) regarding trial counsel's failure to file a motion to suppress the evidence obtained from his cell phones that were found in his sister's house. According to petitioner, the Delaware state courts erroneously determined that he had abandoned his cell phones which, in turn, led the Delaware state courts to improperly conclude that a suppression motion would have been unsuccessful which, in turn, led this court to erroneously conclude that trial counsel's failure to file a suppression motion did not amount to ineffective assistance.

6. Petitioner's instant argument does not warrant reconsideration of the court's denial of claims one and two. Petitioner's reply to the State's answer asserted the same argument that is contained in petitioner's Rule 59(e) motion, namely, that the Delaware state courts erroneously concluded he had abandoned his cell phones. (D.I. 25) This court considered and rejected petitioner's "no abandonment" argument when it reviewed petitioner's habeas application and, applying the "doubly deferential" standard applicable to ineffective assistance of counsel claims on federal habeas review, held that the Delaware Supreme Court reasonably applied *Strickland* in denying petitioner's ineffective assistance of counsel claims.

7. Notably, the pending Rule 59(e) motion does not assert an intervening change in law, the availability of previously unavailable evidence, or a "clear error of law" of the sort that would compel reargument. Accordingly, the court will not reconsider its prior denial of claims one and two for failing to satisfy § 2254(d).

8. The court declines to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

9. **Conclusion.** For the above reasons, the court will deny petitioner's Rule 59(e) motion. A separate order shall issue. See Fed. R. Civ. P. 58(a)("every judgment must be set out in a separate document").

Dated: June 10, 2015

UNITED STATES DISTRICT JUDGE